```
RECEIPT #_____
AMOUNT $__25__
SUMMONS ISSUED_Y-6_
LOCAL RULE 4.1_____
WAIVER FORM_____
MCF ISSUED_____
BY DPTY. CLK._P_____
DATE__7-21-05_____
```

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ELIZABETH M. VAUGHN, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> INVESTORS MARKETING SERVICES, ) <br> INC., INVESTORS CAPITAL HOLDINGS,) <br> LTD., INVESTORS CAPITAL CORP., ) <br> JANICE CHARLES AND THEODORE ) <br> CHARLES, ) <br> Defendants. ) <br> _____) | Civ. Action No. _____ <br><br> 05 11534 JLT <br><br> MAGISTRATE JUDGE _____ |

## COMPLAINT AND JURY DEMAND

### INTRODUCTION

1.  Plaintiff, Elizabeth Vaughn ("Ms. Vaughn"), brings this action seeking damages arising out of violations of the Family and Medical Leave Act, 29 U.S.C. § 2601 *et. seq.*, ("FMLA") during her employment by Defendants Investor Marketing Services, Inc. ("IMS"), Investors Capital Holdings, Ltd. ("ICH"), Investors Capital Corp. ("ICC"), Janice Charles ("Ms. Charles") and Theodore Charles ("Mr. Charles").

### THE PARTIES

2.  Ms. Vaughn is an individual residing at 125 Farrwood Drive, Haverhill, MA 01835.

3.  IMS is a Massachusetts corporation registered to do business in Massachusetts. IMS is located at 168 Centre Street, Danvers, Massachusetts 01923. IMS is an affiliate of Investors Capital Corporation ("ICC"). IMS is in the business of providing fixed annuity, life

insurance and long term care products. IMS has over 7,000 licensed sales representatives that depend upon it for sales support and the latest available product information. IMS also performs the fulfillment functions for defendants ICC and ICH, including but not limited to licensing the registered representatives, preparing and mailing registrations kits and creating the graphics and other art work for ICC and ICH's marketing materials. It also prepares the assembly, shipping and postage of literature pertaining to ICH subsidiaries.

4. "ICH" is a Massachusetts corporation registered to do business in Massachusetts. ICH is located at 230 Broadway, Lynnfield Massachusetts 01940. ICH is a financial services holding company that operates primarily through its subsidiaries in two segments of the financial services industry: (i) securities, mutual funds, variable annuities and variable life insurance and (ii) financial planning services.

5. "ICC" is a Massachusetts corporation registered to do business in Massachusetts. ICC is located at 230 Broadway, Lynnfield Massachusetts 01940. ICC is a wholly owned subsidiary of ICH. ICC and ICH are located less than 75 miles away from IMS. ICC is the registered broker dealer in all 50 states for ICH. ICC makes available multiple investment products such as variable annuities and provides support, technology and back office services to its network of 800 independent registered representatives. ICC sales account for 95% of the revenue of ICH. If an ICC agent sells a fixed insurance product, IMS receives a percentage of the commission.

6. Ms. Charles is an individual residing at 65 E. Point Boulevard, Gloucester, Massachusetts.

7. Mr. Charles is an individual residing at 65 E. Point Boulevard, Gloucester, Massachusetts. Mr. Charles and Ms. Charles are husband and wife.

## JURISDICTION AND VENUE

8. This Court has jurisdiction over this case pursuant to 28 U.S.C. §1331 because Plaintiff's claims arise under a federal statute, the Family and Medical Leave Act 29 U.S.C. §2601 et seq. ("FMLA").

9. Venue is proper in this District pursuant to 28 U.S.C. §1391(a)(2), because a substantial part of the events or omissions giving rise to the claims occurred in this District.

## FACTS

### Ms. Vaughn's Tenure at IMS

10. Ms. Vaughn was born on October 20, 1949. She is currently 55 years old.

11. Ms. Vaughn began her employment with IMS on or about July 5, 1995. As of approximately 1997, she worked as the Licensing Director. She reported directly to Jennifer Lanouette, a Vice President, who reported directly to Janice Charles.

12. As the Licensing Director, her duties and responsibilities included but were not limited to ensuring that IMS and ICC were properly licensed in all states and making sure the contracts were fully executed. Her job required data entry, filing, problem solving and working with outside vendors, among other duties.

13. Ms. Vaughn was an exempt, full-time employee, working at least 40 hours per week. She worked at least 1250 hours in the last 12 months prior to her requested medical leave. She did not take any unpaid leaves of absence during the last 12 months prior to her termination.

14. Over the years, Ms. Vaughn met or exceeded the expectations of her supervisors. She conducted herself professionally at all times and always completed her abundant workload.

When she began work in 1995 she was compensated at the rate of $7.50 per hour. As of June 2005, she was paid $20.40 per hour.

15. She never received a written warning and was never placed on a performance improvement plan.

### Ms. Vaughn's Request for FMLA Leave

16. During the spring of this year, Ms. Vaughn informed her supervisor Jennifer Lanouette that she needed to have a partial hysterectomy. The surgery would require an inpatient procedure including an overnight hospital stay and six to eight weeks of recovery. During the recovery period, Ms. Vaughn will not be able to, among other things, lift items or drive. Ms. Vaughn requested a leave of absence for the surgery and the 6 to 8 week recovery period recommended by her doctor.

17. In April, Ms. Vaughn confirmed her need for the surgery and notified Ms. Lanouette that the surgery would take place on August 9, 2005. Ms. Lanouette told her not to worry about her leave of absence.

18. On June 6, 2005, Ms. Vaughn was terminated from her employment.

19. The Defendants told Ms. Vaughn that her job would be "outsourced." Before her termination, no one suggested that there was not enough work for Ms. Vaughn to continue her position with the company.

20. Ms. Vaughn's position has been "outsourced" to two, pre-existing younger employees who work for ICC. On information and belief, these two younger women will continue to work as ICC employees while performing the licensing duties for IMS.

21. Ms. Vaughn was terminated to avoid providing her the FMLA leave.

22. Ms. Lanouette has personally expressed her dismay over Ms. Vaughn's termination and offered to personally pay for Ms. Vaughn's COBRA expenses.

23. Ms. Vaughn has suffered severe emotional distress because of her unlawful termination. She has been depressed, anxious, nervous and has suffered from insomnia.

### IMS Qualifies as an Employer under the FMLA Because IMS, ICC and ICH are Integrated Employers

24. IMS, ICC and ICH are integrated employers under the FMLA and 29 CFR §825.104(c)(2).

25. On information and belief, IMS has approximately 25 employees. ICH has at least 50 employees.

26. ICC is a wholly owned subsidiary of ICH, a publicly traded company.

27. IMS is an affiliate of ICC.

### Common Ownership

28. IMS and ICC are both jointly owned by Mr. and Ms. Charles. Mr. Charles is also the principal owner of ICH.

### Common Management

29. IMS, ICC, and ICH have common officers and directors. IMS' officers include Mr. Charles (President) and Ms. Charles (Treasurer, Chief Financial Officer and Secretary). Mr. and Ms. Charles have been the sole directors of IMS since 1995.

30. ICH's President, CEO and Chairman of the Board is Mr. Charles and the Secretary is Ms. Charles.

31. Mr. and Ms. Charles are the sole Directors of ICC. Mr. Murphy is its Treasurer.

5

### Interrelation Among Operations

32.     The interrelationship between IMS and ICH is best stated in the ICH 2004 Annual Report, filed with the Securities and Exchange Commission:

> Investors Marketing Services, Inc. is jointly owned by [ICH]'s principal stockholder, Theodore E. Charles and his spouse, Janice M. Charles. This entity performs a fulfillment function for subsidiaries of [ICH] by preparing, collating and mailing registration kits to registered representatives, and creates graphics and other art work for various marketing materials produced for these subsidiaries. It also prepares the assembly, shipping and postage of literature pertaining to the subsidiaries.

(Id. at 33).

33.     In addition to the overlap in duties above, the bookkeeper of IMS processes commissions for ICC. The bookkeeper, on information and belief, also provides Mr. Charles with a copy of IMS's financials.

34.     Ms. Vaughn regularly did work for both ICC and IMS.

35.     While working at IMS Ms. Vaughn had a signature stamp for Mr. Charles which she regularly used to affix Mr. Charles name to contracts for various insurance companies on behalf of IMS and ICC.

36.     The Vice President of IMS, Jennifer Lanouette, regularly attends meetings at ICC.

37.     On information and belief, the Vice President of IMS and the head of the graphics design department at IMS received shares when ICH went public.

### Centralized Labor Relations

38.     On information and belief, Mr. Charles controls all the activities and decisions of IMS, ICC and ICH. Upon information and belief, Mr. Charles made the decision to terminate Ms. Vaughn. On information and belief, he called Ms. Charles throughout the day and told her that if she did not fire Ms. Vaughn, he would do it himself.

39. Mr. Charles regularly participates in and speaks at the monthly meetings of IMS employees.

40. IMS employees are regularly summoned to perform services at ICC's offices. IMS marketers hold meetings and attend meetings at ICC. When IMS employees leave the Danvers office to work in Lynnfield, they are not required to clock out.

### Shared Benefit Plans

41. IMS and ICC share an employee benefit plan. Since 2003, the employees of IMS have received health insurance through a plan with Blue Cross Blue Shield of Massachusetts that is in the name of ICC.

42. IMS has a 401K Profit Sharing Plan (the "Plan") in which Ms. Vaughn was a participant. ICC employees also participate in this Plan. Upon information and belief, ICC does not have a separate 401K plan for its employees. Mr. and Ms. Charles are both trustees of the Plan. Moreover, while the Plan is in IMS' name, the Summary Annual Report refers inquiries to IMS at the address and telephone number of ICC.

43. Mr. Charles is further listed as an agent for service of legal process for the Plan.

### COUNTS

### COUNT I – FAMILY AND MEDICAL LEAVE ACT
(Against All Defendants)

44. Ms. Vaughn repeats and incorporates by reference herein the allegations set forth in Paragraphs 1 through 43 above.

45. IMS is an integrated employer with ICC and ICH under the FMLA. As such, they are bound by the FMLA.

46. Ms. Vaughn was an employee eligible for FMLA leave.

47. Ms. Vaughn had worked at least 1250 hours in the last twelve months.

7

48.     Ms. Vaughn requested medical leave for treatment of her own serious health condition. The partial hysterectomy would require an overnight stay at the hospital and a six to eight week period of incapacity for recovery.

49.     Ms. Vaughn had not used any of her 12 weeks of medical leave in the previous calendar year or any other 12 month period.

50.     Defendants failed and/or refused to grant Ms. Vaughn her FMLA leave.

51.     Defendants violated 29 U.S.C. §2601 et seq. by failing and/or refusing to grant Ms. Vaughn her medical leave and by terminating her employment. Thus, Ms. Vaughn is entitled to liquidated damages, back and front pay, medical expenses, double damages, equitable relief, costs and attorney's fees.

### COUNT II – RETALIATION UNDER THE FMLA
(Against All Defendants)

52.     Ms. Vaughn repeats and incorporates by reference herein the allegations set forth in Paragraphs 1 through 51 above.

53.     On or about Spring 2005, Ms. Vaughn notified Defendants that she needed medical leave in order to have a partial hysterectomy.

54.     On or about April 2005, Ms. Vaughn told Defendants that her surgery had been scheduled for August 2005.

55.     Defendants terminated Ms. Vaughn's employment in June 2005. Defendants terminated her employment because she asserted her right to leave under the Family and Medical Leave Act. This is an act of retaliation.

56.     As a result of Defendants' violation, Ms. Vaughn has incurred damages including but not limited to loss of liquidated damages, compensation, medical expenses, double damages, attorneys' fees and costs, and emotional distress.

WHEREFORE, Ms. Vaughn respectfully requests that this Honorable Court enter judgment against the Defendants on Counts One and Two above, for the following:

a. Compensatory damages;

b. Liquidated damages;

c. Double damages;

d. Punitive damages;

e. Equitable relief;

f. Costs and interest;

g. Reasonable attorneys' fees; and

h. Any other relief that this Court deems just.

## JURY TRIAL DEMANDED

The Plaintiff hereby claims a trial by jury on all issues so triable.

Respectfully submitted,

ELIZABETH VAUGHN

By her attorneys,

_____
Juliet Davison (BBO No. 562289)
Tricia A. Rice (BBO No. 633556)
TODD & WELD LLP
28 State Street
Boston, MA 02109
(617) 720-2626

Dated: July 20, 2005

9

**JS 44** (Rev. 11/04)

# CIVIL COVER SHEET  05 11534 JLT

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
Elizabeth M. Vaughn

**DEFENDANTS** Investors Marketing Services, Inc., Investors Capital Holdings, Ltd., Investors Capital Corp., Janice Charles and Theodore Charles

(b) County of Residence of First Listed Plaintiff: **Essex**
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant: **Essex**
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number) (617)720-2626
Juliet Davison, Tricia Rice; Todd & Weld LLP, 28 State Street, Boston, MA 02109

Attorneys (If Known) 781-334-4284
Frederick T. Golder, Golder & Golder
P.O. Box 232, Lynnfield, MA 01940

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)
- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☒ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| | PERSONAL INJURY | PERSONAL INJURY | | | |
| ☐ 110 Insurance | ☐ 310 Airplane | ☐ 362 Personal Injury - Med. Malpractice | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | | | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| | | ☐ 371 Truth in Lending | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/Exchange |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 195 Contract Product Liability | | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | | | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☒ 442 Employment | **Habeas Corpus:** | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | | | ☐ 900Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition | | | |

## V. ORIGIN (Place an "X" in One Box Only)
- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
29 U.S.C. Section 2601 et seq.
Brief description of cause:
Violation of Family and Medical Leave Act

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $290,000 and attorney fees
CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions)
MCAD Action - age discrimination
JUDGE _____ DOCKET NUMBER _____

DATE 7-20-05
SIGNATURE OF ATTORNEY OF RECORD [signature]

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

**05 11534 JLT**

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

1. Title of case (name of first party on each side only) <u>Elizabeth M. Vaughn v. Investors Marketing Services, Inc., Investors Capital Holdings, Ltd., Investors Capital Corp., Janice Charles and Theodore Charles</u>

2. Category in which the case belongs based upon the numbered nature of suit code listed on the civil cover sheet. (See local rule 40.1(a)(1)).

   - [ ] I.   160, 410, 470, 535, R.23, REGARDLESS OF NATURE OF SUIT.
   - [x] II.  195, 196, 368, 400, 440, 441-446, 540, 550, 555, 625, 710, 720, 730,   *Also complete AO 120 or AO 121
             740, 790, 791, 820*, 830*, 840*, 850, 890, 892-894, 895, 950.            for patent, trademark or copyright cases
   - [ ] III. 110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310,
             315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371,
             380, 385, 450, 891.
   - [ ] IV.  220, 422, 423, 430, 460, 480, 490, 510, 530, 610, 620, 630, 640, 650, 660,
             690, 810, 861-865, 870, 871, 875, 900.
   - [ ] V.   150, 152, 153.

3. Title and number, if any, of related cases. (See local rule 40.1(g)). If more than one prior related case has been filed in this district please indicate the title and number of the first filed case in this court.

   <u>Charge filed at MCAD with same parties.</u>

4. Has a prior action between the same parties and based on the same claim ever been filed in this court?

   YES [ ]   NO [x]

5. Does the complaint in this case question the constitutionality of an act of congress affecting the public interest? (See 28 USC §2403)

   YES [ ]   NO [x]

   If so, is the U.S.A. or an officer, agent or employee of the U.S. a party?

   YES [ ]   NO [ ]

6. Is this case required to be heard and determined by a district court of three judges pursuant to title 28 USC §2284?

   YES [ ]   NO [x]

7. Do all of the parties in this action, excluding governmental agencies of the united states and the Commonwealth of Massachusetts ("governmental agencies"), residing in Massachusetts reside in the same division? - (See Local Rule 40.1(d)).

   YES [x]   NO [ ]

   A. If yes, in which division do all of the non-governmental parties reside?

   Eastern Division [x]   Central Division [ ]   Western Division [ ]

   B. If no, in which division do the majority of the plaintiffs or the only parties, excluding governmental agencies, residing in Massachusetts reside?

   Eastern Division [ ]   Central Division [ ]   Western Division [ ]

8. If filing a Notice of Removal - are there any motions pending in the state court requiring the attention of this Court? (If yes, submit a separate sheet identifying the motions)

   YES [ ]   NO [ ]

(PLEASE TYPE OR PRINT)
ATTORNEY'S NAME   <u>Juliet Davison, Tricia Rice</u>
ADDRESS   <u>Todd & Weld LLP, 28 State Street, Boston, MA 02109</u>
TELEPHONE NO.   <u>617-720-2626</u>

(CategoryForm.wpd - 5/2/05)