UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

```
*****************************
ELIZABETH M. VAUGHN           *
     Plaintiff,               *
                              *    CIVIL ACTION
v.                            *    NO. 05-11534-JLT
                              *    BBO NO. 198580
INVESTORS MARKETING SERVICES, INC.,*
INVESTORS CAPITAL HOLDINGS, LTD., *
INVESTORS CAPITAL CORP., JANICE   *
CHARLES, and THEODORE CHARLES     *
     Defendants.              *
*****************************
```

**DEFENDANTS', INVESTORS MARKETING SERVICES,
INC. AND JANICE CHARLES, MEMORANDUM IN
<u>SUPPORT OF THEIR MOTION TO DISMISS THE COMPLAINT</u>**

<u>Preliminary Statement</u>

The Plaintiff, Elizabeth Vaughn ("Ms. Vaughn") has brought a Complaint against her former employer, Investors Marketing Services, Inc. ("IMS"), for an alleged violation of the Family and Medical Leave Act ("FMLA").[1] The Complaint contains two counts, the first count is for violation of the FMLA, and the second count is for retaliation under the FMLA. Ms. Vaughn has named as additional parties, Janice Charles ("Ms. Charles"), the principal officer in charge of the business of IMS, Investors Capital Holdings, Ltd., Investors Capital Corp., and Theodore Charles.

---

[1] 29 U.S.C. §2601 et seq.

1

This Memorandum is filed in Support of the Motion to Dismiss by the Defendants, Investors Marketing Services, Inc. ("IMS") and Janice Charles ("Ms. Charles"), pursuant to F.R.C.P. 12(b)(1) and 12(b)(6) for the following reasons:

The Defendants. IMS and Ms. Charles are not covered employers under the Family and Medical Leave Act ("FMLA"),[2] in that IMS has less than 50 employees within a 75-mile radius, and Ms. Charles is employed by IMS and is not an employer covered under the FMLA.

The Plaintiff, Elizabeth Vaughn ("Ms. Vaughn"), was not entitled to a medical leave under the FMLA, and in any event never requested leave in accordance with IMS policy or with the requirements of the FMLA, nor was Ms. Vaughn denied leave, nor was there any retaliation.

## STATEMENT OF FACTS[3]

Ms. Vaughn began her employment with IMS on or about July 5, 1995 (Comp. ¶11). Ms. Vaughn was terminated from her employment with IMS on or about June 6, 2005 (Comp. ¶18). IMS has less than fifty employees (Comp. ¶25). Ms. Vaughn was never employed by Investors Capital Holdings,

---

[2] 29 U.S.C. §2601 et seq.
[3] The facts are drawn from the verified complaint. The Defendants IMS and Ms. Charles dispute a number of allegations in the Complaint.

2

Ltd. ("ICH"), Investors Capital Corp. ("ICC"), or Theodore Charles (Mr. Charles).

## ARGUMENT

### I. THE STANDARD OF REVIEW FOR A MOTION TO DISMISS

Under circumstances in which the movant requests that a claim be dismissed pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6), the court must dismiss the claim if it finds that it lacks the statutory authority to hear and decide the dispute. A claim can be challenged under 12(b)(1) and 12(b)(6) both facially and substantively.[4]

Facially, the pleader must formally aver to the basis of the federal court's jurisdiction, and a failure to do so exposes the pleading to dismissal.[5] Substantively, the pleader may have formally averred the existence of federal jurisdiction, but the actual facts and allegations may belie that averment, confirming that federal jurisdiction is absent, and thus compelling the case's dismissal.[6]

---

[4] See Scarfo v. Ginsberg, 175 F.3rd 957, 960-61 (11th Cir. 1999) (discussing differences between facial and factual attacks; Garcia v. Copenhaver, Bell & Assoc., 104 F.3rd 1256, 1260-61 (11th Cir. 1997) (same); United States v. Ritchie, 15 F.3rd 592, 598 (6th Cir. 1994 (same).
[5] See Gibbs v. Buck, 307 U.S. 66, 72, 59 S.Ct. 725, 729 (1939). See also Scarfo v. Ginsberg, 175 F.3rd 957, 960-961 (11th Cir. 1999); Holt v. United States, 46 F.3rd 1000, 1002 (10th Cir. 1995).
[6] See Gibbs v. Buck, 307 U.S. 66, 72, 59 S.Ct. 725, 729 (1939). See also Scarfo v. Ginsberg, 175 F.3rd 957, 960-61 (11th Cir. 1999).

The court, in reviewing the motion for dismissal under rule 12(b)(1) where the claim is based on a facial defect, will accept the factual allegations in the Plaintiff's complaint, as well as any favorable inferences reasonably drawn from them as true. However, where the defect alleged is based on a substantive defect (factual) the court will not presume the plaintiff's allegations are true, but may instead weigh the evidence before it and find the facts, so long as this fact-finding does not involve the merits of the dispute.[7]

## II. THE COURT HAS NO JURISDICTION UNDER THE FMLA WHERE THE CLAIM IS MADE AGAINST AN EMPLOYER WITH FEWER THAN FIFTY EMPLOYEES

The FMLA provides eligible employees with up to twelve weeks of leave in a twelve-month period for the birth or adoption of a child, or the "serious health condition" of the employee or the employee's child, spouse, or parent.[8] The FMLA defines an "eligible employee" as an individual who has been employed for at least 12 months by the employer and for at least 1,250 hours of service with the employer from whom leave is requested.[9]

The term "eligible employee" excludes "any employee of an employer who is employed at a worksite at which such

---

[7] See Scarfo v. Ginsberg, 175 F.3rd 957, 960-61 (11th Cir. 1999); United States v. North Carolina, 180 F.3d 574, 580 (4th Cir. 1999).
[8] 29 U.S.C. 2612(a)(1).
[9] 29 U.S.C. §2611(2)(A).

4

employer employs less than 50 employees if the total number of employees employed by that employer within 75 miles of that worksite is less than 50."[10] To satisfy the "eligible employee" requirement, Ms. Vaughn must show that she was employed at a worksite where at least 50 employees worked, or that her employer employed 50 people within 75 miles of her worksite.

The only way that Ms. Vaughn can establish her eligible employee status is to prove that ICC, ICH, and/or Mr. Charles, which did employ at least fifty employees within seventy-five miles of IMS's worksite, is also her employer.

The FMLA defines the term "employer" as "any person who acts, directly or indirectly, in the interest of an employer to any of the employees of such employer."[11] A district court lacks subject matter jurisdiction over an FMLA claim if the defendant is not an employer as that term is defined in the FMLA.[12]

Pursuant to its authority to promulgate regulations "necessary to carry out" the FMLA, the Department of Labor ("DOL") has adopted the "integrated employer" test.[13]

---

[10] 29 U.S.C. §2611(2)(B).
[11] 29 U.S.C. §2611(4)(A)(ii)(I),
[12] *Hukill v. Auto Care, Inc.*, 192 F.3d 437, 441 (4th Cir. 1999).
[13] See 29 C.F.R. §825.104(c)(2).

"In determining whether to treat corporate entities as an "integrated employer," according to the DOL regulations, the factors we should consider include: (1) common management; (2) interrelation between operations; (3) centralized control of labor relations; and (4) degree of common ownership/financial control ... However, no single factor is conclusive ... Nevertheless, control of labor operations is the most critical factor."[14]

In an attempt to have the Court treat ICC and ICH as "joint employers" with IMS and treat IMS, ICC, and ICH as integrated employers under the FMLA and 29 C.F.R. §825.104(c)(2), Ms. Vaughn has alleged the following facts: (1) IMS is an affiliate of ICC (Comp. ¶26); IMS and ICC are both jointly owned by Mr. Charles and Ms. Charles (Comp. ¶28); (3) Mr. Charles is the principal owner of ICH; (4) IMS, ICC, and ICH have common officers and directors (Comp. ¶29); (5) IMS' officers include Mr. Charles (President) and Ms. Charles Treasurer, Chief Financial Officer, and Secretary (Comp. ¶29); (6) Mr. Charles and Ms. Charles have been the sole directors of IMS since 1995 (Comp. ¶29); (7) ICH's President, CEO, and Chairman of the Board is Mr. Charles and the Secretary is Ms. Charles (Comp. ¶30); (8) Mr. Charles and Ms. Charles are the sole directors of ICC

---

[14] *Hukill v. Auto Care, Inc.*, 192 F.3d 437, 442 (4th Cir. 1999).

(Comp. ¶31); (9) IMS is jointly owned by ICH's principal stockholder, Mr. Charles and spouse, Ms. Charles (Comp. ¶32); (10) IMS performs a fulfillment function for subsidiaries of ICH by preparing, collating, and mailing registration kits to representatives, and creates graphics and other art work for various marketing materials produced for these subsidiaries, and IMS also prepares the assembly, shipping, and postage of literature pertaining to the subsidiaries (Comp. ¶32); (11) Ms. Vaughn regularly did work for both ICC and IMS (Comp. ¶34); (12) While working at IMS, Ms. Vaughn had a signature stamp for Mr. Charles which she regularly used to affix Mr. Charles name to contracts for various insurance companies on behalf of IMS and ICC (Comp. ¶35); (13) Jennifer Lanouette ("Ms. Lanouette"), the Vice-President of IMS, regularly attends meetings of ICC (Comp. ¶36); (14) The Vice-President of IMS and the head of the graphics department at IMS received shares when ICH went public (Comp. ¶37); (15) Mr. Charles controls all of the activates and decisions of IMS, ICC, and ICH, and Mr. Charles made the decision to terminate Ms. Vaughn (Comp. ¶38); (16) Mr. Charles regularly participates in and speaks at monthly meetings of IMS employees (Comp. ¶39); (17) IMS employees are regularly summoned to perform services at ICC's offices, and IMS marketers hold meetings

and attend meetings at ICC (Comp. ¶40); (18) When IMS employees leave the Danvers office to work in Lynnfield, they are not required to clock out (Comp. ¶40); (19) IMS and ICC share an employee benefit plan (Comp. ¶41); (20) IMS has a 401K Profit Sharing Plan, and ICC employees also participate in the Plan (Comp. ¶42); (21) Mr. Charles and Ms. Charles are both trustees of the Plan (Comp. ¶42) (22) Mr. Charles is listed as an agent for service of legal process for the Plan (Comp. ¶43).[15]

When considering whether an entity is an "employer" a court is required to analyze the "total employment situation."[16] That requires consideration of (1) whether the employment took place on the alleged employer's premises; (2) how much control the alleged employer exerted on the employee; and (3) whether the alleged employer had the power to fire, hire, or modify the employment condition of the employee.[17] Ms. Vaughn was never an employee of ICC or ICH, but as an employee of IMS did perform services for ICC, a customer of IMS. Ms. Vaughn can not establish facts or produce evidence to support her theory of "integrated or joint employers," and since her true employer IMS has fewer

---

[15] The Defendants IMS and Ms. Charles dispute many of the facts alleged in the Complaint.
[16] *Welch v. Laney*, 57 F.3d 1004, 1011 (11th Cir. 1995); see Morrison v. Amway Corp. n/k/a *Alticor, Inc.*, 2002 WL 32103054 (11th Cir. 2003).
[17] *Welch v. Laney*, 57 F.3d 1004, 1011 (11th Cir. 1995).

then fifty employees, this Court has no jurisdiction over Ms. Vaughn's FMLA claims.

For all of the foregoing reasons, the Complaint should be dismissed in its entirety, pursuant to F.R.C.P. Rule 12(b)(1).

### III. THE COMPLAINT FAILS TO STATE CLAIMS UNDER THE FMLA FOR WHICH RELIEF MAY BE GRANTED

The FMLA[18] provides that an eligible employee, whether male or female, is entitled to up to 12 weeks of unpaid leave within a 12-month period. Reinstatement to the same or an equivalent position is guaranteed. An eligible employee is one who has been employed for one or more years and has worked at least 1,250 hours within the 12-month period preceding the leave. Public employees are also covered by the FMLA.[19]

All employers with 50 or more employees within a 75-mile radius of the affected employee's work site are covered. If an employer has less than 50 employees within a 75-mile radius, that employer is not covered, even though it may have more than 50 employees in other work sites throughout the country.[20]

---

[18] 29 U.S.C. §2601 et seq. (Pub L No. 103-3, 107 Stat 6, 103rd Cong, 1st Sess. (1993).
[19] 29 U.S.C. §2611 (FMLA §101). See also §1:221, Golder, *Labor and Employment Law: Compliance and Litigation*, 2nd Ed. (The West Group, 1999).
[20] 29 U.S.C. §2611 (FMLA §101).

Even assuming that IMS is a covered employer under the FMLA, Ms Vaughn, in order to take a medical leave under the FMLA, is required to agree on a leave schedule sufficiently in advance of the leave to provide the employer an opportunity to meet its operating needs. When intermittent or reduced scheduled leave is due to a foreseeable medical care or need, the employee is required to give a 30-day notice to his or her employer and may be temporarily assigned at the same rate of pay and benefits.[21] Ms. Vaughn failed to do this.

Furthermore, the condition for which medical leave is requested must be a serious and chronic condition. The term "serious health condition" is not intended to cover short-term conditions for which treatment and recovery are very brief.[22]

Certification may be required by the employer, and a system of second and third opinions may be instituted at the employer's expense when there is reason to doubt the validity of the certification. When a conflict exists between the employee's certification and the second opinion, a third health care provider, jointly agreed to by the employer and

---

[21] 29 U.S.C. §2612 (FMLA §102).
[22] 29 U.S.C. §2612 (FMLA §102).

employee, will have the final say of whether a serious health problem is involved.[23]

The certification should provide the date when the condition commenced, the probable duration of the condition, appropriate medical facts concerning the condition, and, when care is for a family member, the need to have the employee assist in that care, and the estimated duration of that need.[24]  None of this took place in this case.

An employee is entitled to up to 12 weeks of unpaid leave over the course of 12 months because of a serious health condition that makes him unable to perform the functions of his position. To establish such a condition, an employee must submit medical certification, and an employer that doubts the sufficiency or veracity of the certification may require another opinion.  In one case, the employer directed the employee to report for a physical examination. The employee did not appear for the scheduled medical examination, nor did the employee ask for another date.  The employee was discharged for failing to return to work following a medical leave of absence.  Discharge of the employee for failing to return to work or appear for the employer's medical examination did not violate the FMLA.[25]

---

[23] 29 U.S.C. §2613 (FMLA §103).
[24] 29 U.S.C. §2613 (FMLA §103).
[25] *Diaz v. Fort Wayne Foundry Corp.*, 131 F.3d 711 (7th Cir. 1997).

11

An employee who failed to give proper notice regarding his need for leave is not protected by the FMLA. Employees have an affirmative duty to indicate both the need and the reason for the leave, and must let their employers know when they anticipate returning to their position. A claim under the FMLA cannot succeed unless the plaintiff can show that he gave his employer adequate and timely notice of his need for leave. An employer has the right to request supporting information from the employee. Employees who show they qualify for FMLA leave are entitled to be restored to their positions or the equivalent upon returning to work. However, employees who fail to comply with legitimate reporting requirements set by their employers are not entitled to reinstatement, nor are employees who were subject to discharge for reasons other than their requests for FMLA leave.[26]

For all of the foregoing reasons, even if the Court should not dismiss the Complaint pursuant to F.R.C.P. Rule 12(b)(1), the Complaint should be dismissed in its entirety, pursuant to F.R.C.P. Rule 12(b)(6).

---

[26] *Woods v. DaimlerChrysler Corp.*, 409 F.3d 984 (8th Cir. 2005).

## CONCLUSION

For all of the foregoing reasons, the Defendants IMS and Ms. Charles respectfully move that the Complaint be dismissed in its entirety, with prejudice, and that the Defendants IMS and Ms. Charles be awarded their costs, including the payment of all reasonable attorneys' fess.

By their attorney

_/s/ signature_
Attorney for Defendants
Investors Marketing Services, Inc.
and Janice Charles
Frederick T. Golder
BBO NO. 198580
P.O. Box 232
Lynnfield, MA 01940
(781) 334-4284

**CERTIFICATE OF SERVICE**

I hereby certify that a true copy of the above document was served upon the attorney of record for each other party by mail (by hand) on _9/23/2005_

_/s/ Frederick T. Golder_