UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ELIZABETH M. VAUGHN,<br><br>Plaintiff,<br><br>vs.<br><br>INVESTORS MARKETING SERVICES, INC., INVESTORS CAPITAL HOLDINGS, LTD., INVESTORS CAPITAL CORP., JANICE CHARLES AND THEODORE CHARLES,<br><br>Defendants. | Civil Action No. 05-11534-JLT |

### ANSWER OF DEFENDANTS INVESTORS CAPITAL HOLDINGS, LTD., INVESTORS CAPITAL CORPORATION AND THEODORE CHARLES

#### Introduction

Investors Capital Holdings, Ltd. ("ICH"), Investors Capital Corp. ("ICC") and Theodore Charles ("Mr. Charles") respond to Plaintiff's Complaint and Jury Demand as follows.

1. No response is necessary to the introduction as it is a summary and does not properly set forth facts or state causes of action relative to Plaintiff's legal claim. However, inasmuch as facts or conclusions are alleged in the introduction, Defendants deny both.

#### The Parties

2. Defendants neither admit nor deny the allegations in this paragraph as they have insufficient information or knowledge to determine the truth of the same.

3. Defendants deny that IMS is an affiliate of ICC. Further answering, Defendants state that as a vendor of ICC, IMS provides some fulfillment functions, however this does not

include any corporate licensing. Defendants Admit that in connection with its vendor functions, IMS prepares registration and recruiting kits but Denies that IMS mails these kits on behalf of defendants.

4. Admit.

5. ICC denies that in all instances, IMS receives a percentage of insurance commissions for products sold by an ICC agent but admits the remainder of the paragraph.

6. Admit.

7. Admit.

### Jurisdiction and Venue

8. Defendants deny that there are any valid FMLA claims as to them.

9. Deny.

### Facts

10. Defendants neither admit nor deny the allegations in this paragraph as they have insufficient information or knowledge to determine the truth of the same.

11. Defendants neither admit nor deny the allegations in this paragraph as they have insufficient information or knowledge to determine the truth of the same.

12. ICC denies that Plaintiff performs any corporate licensing for ICC and has no knowledge as to the specific duties Plaintiff was required to perform for IMS. ICC admits that it did contract with IMS to arrange insurance broker licensing.

13. Defendants neither admit nor deny the allegations in this paragraph as they have insufficient information or knowledge to determine the truth of the same.

14. Defendants neither admit nor deny the allegations in this paragraph as they have insufficient information or knowledge to determine the truth of the same.

15. Defendants neither admit nor deny the allegations in this paragraph as they have insufficient information or knowledge to determine the truth of the same.

16. Defendants neither admit nor deny the allegations in this paragraph as they have insufficient information or knowledge to determine the truth of the same.

17. Defendants neither admit nor deny the allegations in this paragraph as they have insufficient information or knowledge to determine the truth of the same.

18. Defendants neither admit nor deny the allegations in this paragraph as they have insufficient information or knowledge to determine the truth of the same.

19. Defendants neither admit nor deny the allegations in this paragraph as they have insufficient information or knowledge to determine the truth of the same.

20. Deny.

21. Deny.

22. Defendants neither admit nor deny the allegations in this paragraph as they have insufficient information or knowledge to determine the truth of the same.

23. Defendants neither admit nor deny the allegations in this paragraph as they have insufficient information or knowledge to determine the truth of the same.

24. Deny.

25. Admit.

26. Admit.

27. Deny.

28. Defendants admit that IMS is owned by Mr. and Mrs. Charles. Defendants deny that ICC is owned jointly by Mr. and Mrs. Charles as ICC is a wholly owned subsidiary of ICH. Defendants admit that Mr. Charles is a shareholder of ICH.

29. Defendants admit that there are directors and officers in common between IMS, ICC and ICH, but deny that the slates of officers and directors are identical. Defendants deny that Mr. Charles is President of IMS and state that position is held by Mrs. Charles. Defendants Admit the remainder of the paragraph.

30. Defendants admit that ICH's President, CEO and Chairman of the Board is Mr. Charles, but deny the remainder of the paragraph.

31. Defendants deny that Mr. Murphy is the Treasurer of ICC, but Admit the remainder of the paragraph.

32. Defendants state that the 2004 Annual Report filed with the Securities and Exchange Commission speaks for itself; that no allegations are made in this paragraph and therefore, no response is required.

33. Defendants deny that there is any "overlap" in Plaintiff's duties between IMS and ICC and states that any functions performed by Plaintiff for ICC are pursuant to the IMS/ICC vendor relationship. Defendants deny the remainder of the paragraph.

34. Deny. Further answering, any services provided by IMS to ICC were pursuant to a vendor relationship.

35. Defendants Admit that IMS has a signature stamp for Mr. Charles but Deny that this is used to affix Mr. Charles' name on contracts related to ICC.

36. Defendants Admit that Ms. Lanouette has attended meetings at ICC, but Denies that these meetings occur on a regular basis.

37. Deny.

38. Deny.

39. Defendants deny that Mr. Charles regularly participates in and speaks at the monthly meetings of IMS employees inasmuch as the term "regularly" is not defined. However, Defendants admit that Mr. Charles has spoken at meetings of IMS employees.

40. Defendants neither admit nor deny the allegations that "when IMS employees leave the Danvers office… they are not required to clock out" as they have insufficient information or knowledge to determine the truth of the same. Defendants deny the remainder of the paragraph. Further answering, Defendants state that any services performed by employees of IMS relative to ICC are a function of a vendor services contract in place between the two companies.

41. Defendants deny that IMS and ICC share an employee benefit plan but admit the remainder of the paragraph.

42. Defendants have no knowledge as to whether or not Ms. Vaughn participates in the IMS 401(k) plan but deny that ICC and IMS have a shared plan. Further answering, since there is no shared plan, Defendants deny the remainder of this paragraph.

43. Defendants respond that there is no shared 401(k) plan between IMS and ICC and therefore Deny that Mr. Charles is the agent.

### Count I – Family and Medical Leave Act

44. Defendants hereby incorporate the answers in paragraphs 1 through 43 above.

45. Deny.

46. Deny.

47. Defendants neither admit nor deny the allegations in this paragraph as they have insufficient information or knowledge to determine the truth of the same.

5

48. Defendants neither admit nor deny the allegations in this paragraph as they have insufficient information or knowledge to determine the truth of the same.

49. Defendants neither admit nor deny the allegations in this paragraph as they have insufficient information or knowledge to determine the truth of the same.

50. Deny.

51. Deny.

### Count II – Retaliation Under the FMLA

52. Defendants hereby incorporate the answers in paragraphs 1 through 51 above.

53. Deny.

54. Deny.

55. Deny.

56. Deny.

### AFFIRMATIVE DEFENSES

### First Affirmative Defense

Defendants state that they are not integrated employers as that term is defined under the FMLA and 29 C.F.R. §825.104(c)(2).

### Second Affirmative Defense

Defendants state that Plaintiff's Complaint fails to state a claim upon which relief can be granted.

### Third Affirmative Defense

Defendants state that Plaintiff's claims are barred by the applicable statute of limitations.

### Fourth Affirmative Defense

Defendants allege that Plaintiff has failed to mitigate damages.

### Fifth Affirmative Defense

Defendants allege that the Complaint is barred by the doctrine of waiver.

### Sixth Affirmative Defense

Defendants allege that the claims of Plaintiff are barred by the doctrine of estoppel.

INVESTORS CAPITAL HOLDINGS, LTD.,
INVESTORS CAPITAL CORPORATION and
THEODORE CHARLES,
Defendants,
By their attorneys,

*/s/ Maureen Mulligan*
Christopher P. Litterio (BBO #551098)
Maureen Mulligan (BBO #556482)
RUBERTO, ISRAEL & WEINER, P.C.
100 North Washington Street
Boston, Massachusetts 02114
(617) 742-4200

Dated: October 7, 2005

CERTIFICATE OF SERVICE

I, Maureen Mulligan, hereby certify that a true copy of the above document was served upon the attorney of record for each other party via first class mail on October 7, 2005.

*/s/ Maureen Mulligan*

U:\MSM\Investors Capital\Vaughn Employment Claim\Pleadings\Answer.doc