FILED
UNITED STATES DISTRICT COURTS OFFICE
DISTRICT OF MASSACHUSETTS

2005 NOV 15 ☐ 12: 58

************************************
ELIZABETH M. VAUGHN                    *    U.S. DISTRICT COURT
        Plaintiff,                     *    DISTRICT OF MASS.
                                       *    CIVIL ACTION
v.                                     *    NO. 05-11534-JLT
                                       *    BBO NO. 198580
INVESTORS MARKETING SERVICES, INC., *
INVESTORS CAPITAL HOLDINGS, LTD.,      *
INVESTORS CAPITAL CORP., JANICE        *
CHARLES, and THEODORE CHARLES          *
        Defendants.                    *
************************************

## ANSWER OF DEFENDANTS INVESTORS
## MARKETING SERVICES, INC. AND JANICE CHARLES

The Defendants, Investors Marketing Services, Inc.

("IMS") and Janice Charles ("Ms. Charles") respond to the

allegations contained in the Complaint as follows:

### INTRODUCTION

1.   To the extent that a response is required to paragraph

1 of the Complaint, the Defendants IMS and Ms. Charles deny

the allegations contained in paragraph 1 of the Complaint.

### THE PARTIES

2.   The Defendants IMS and Ms. Charles can neither admit

nor deny the allegations contained in paragraph 2 of the

Complaint but believe them to be true.

3.   The Defendants IMS and Ms. Charles deny that IMS is an

affiliate of Investors Capital Corporation ("ICC").   In

further answering, IMS, as a vendor of ICC, does provide

1

some fulfillment functions, but does not do any corporate

licensing for ICC. The Defendants IMS and Ms. Charles

admit that in connection with its vendor functions that IMS

prepares registration and recruiting kits but denies that

IMS mails these kits on behalf of ICC, Investors Capital

Holdings, Ltd., and Theodore Charles ("Mr. Charles").

4.    The Defendants IMS and Ms. Charles admit the

allegations contained in paragraph 4 of the Complaint.

5.    The Defendants IMS and Ms. Charles deny that IMS

receives a percentage of insurance commissions for products

sold by any ICC agents but admits the remaining allegations

contained in paragraph 5 of the Complaint.

6.    The Defendants IMS and Ms. Charles admit the

allegations contained in paragraph 6 of the Complaint.

7.    The Defendants IMS and Ms. Charles admit the

allegations contained in paragraph 7 of the Complaint.

## JURISDICTION AND VENUE

8.    The Defendants IMS and Ms. Charles deny the

allegations contained in paragraph 8 of the Complaint.

9.    The Defendants IMS and Ms. Charles deny the

allegations contained in paragraph 9 of the Complaint.

## FACTS

10.   The Defendants IMS and Ms. Charles admit the

allegations contained in paragraph 10 of the Complaint.

2

11.   The Defendants IMS and Ms. Charles admit the
allegations contained in paragraph 11 of the Complaint,
except that the Plaintiff, Elizabeth M. Vaughn ("Ms.
Vaughn"), worked a Director of Contracting and reported to
management personnel, including Jennifer Lanouette ("Ms.
Lanouette").

12.   The Defendants IMS and Ms. Charles admit that the
Plaintiff Ms. Vaughn was employed by IMS but deny that the
Plaintiff Ms. Vaughn was employed by ICC.

13.   The Defendants IMS and Ms. Charles deny the
allegations contained in paragraph 13 of the Complaint.

14.   The Defendants IMS and Ms. Charles admit the
allegations contained in paragraph 14 of the Complaint,
except that by January 2005, IMS no longer needed Ms.
Vaughn's services, and Ms. Vaughn's position was
outsourced.

15.   The Defendants IMS and Ms. Charles admit the
allegations contained in paragraph 15 of the Complaint.

16.   The Defendants IMS and Ms. Charles deny the
allegations contained in paragraph 16 of the Complaint.

17.   The Defendants IMS and Ms. Charles deny the
allegations contained in paragraph 17 of the Complaint.

18.   The Defendants IMS and Ms. Charles deny the
allegations contained in paragraph 18 of the Complaint.

19.    The Defendants IMS and Ms. Charles deny the
allegations contained in paragraph 19 of the Complaint.
20.    The Defendants IMS and Ms. Charles deny the
allegations contained in paragraph 20 of the Complaint.
21.    The Defendants IMS and Ms. Charles deny the
allegations contained in paragraph 21 of the Complaint.
22.    The Defendants IMS and Ms. Charles deny the
allegations contained in paragraph 22 of the Complaint.
23.    The Defendants IMS and Ms. Charles deny the
allegations contained in paragraph 23 of the Complaint.
24.    The Defendants IMS and Ms. Charles deny the
allegations contained in paragraph 24 of the Complaint.
25.    The Defendant IMS has less than twenty employees.  The
Defendants IMS and Ms. Charles admit the remaining
allegations contained in paragraph 25 of the Complaint.
26.    The Defendants IMS and Ms. Charles admit the
allegations contained in paragraph 26 of the Complaint.
27.    The Defendants IMS and Ms. Charles deny the
allegations contained in paragraph 27 of the Complaint.
28.    The Defendants IMS and Ms. Charles admit that IMS is
owned by Theodore Charles ("Mr. Charles") and Ms. Charles
and that Mr. Charles is a shareholder of ICH but deny the
remaining allegations contained in paragraph 28 of the
Complaint.

4

29.   The Defendants IMS and Ms. Charles admit that there
are some common officers and directors for IMS, ICC, and
ICH but deny that there is common management of IMS, ICC,
and ICH.

30.   The Defendants IMS and Ms. Charles admit that Mr.
Charles is the President, CEO, and Chairman of the Board of
ICH, but deny the remaining allegations contained in
paragraph 30 of the Complaint.

31.   The Defendants IMS and Ms. Charles deny the
allegations contained in paragraph 31 of the Complaint.

32.   The Defendants IMS and Ms. Charles deny the
allegations contained in paragraph 32 of the Complaint
except that the 2004 Annual Report of ICH filed with the
Securities and Exchange Commission speaks for itself.

33.   The Defendants IMS and Ms. Charles deny the
allegations contained in paragraph 33 of the Complaint.

34.   The Defendants IMS and Ms. Charles deny the
allegations contained in paragraph 34 of the Complaint.

35.   The Defendants IMS and Ms. Charles deny the
allegations contained in paragraph 35 of the Complaint.

36.   The Defendants IMS and Ms. Charles deny the
allegations contained in paragraph 36 of the Complaint.

37.   The Defendants IMS and Ms. Charles deny the
allegations contained in paragraph 37 of the Complaint.

38.   The Defendants IMS and Ms. Charles deny the
allegations contained in paragraph 38 of the Complaint.
39.   The Defendants IMS and Ms. Charles deny the
allegations contained in paragraph 38 of the Complaint.
40.   The Defendants IMS and Ms. Charles deny the
allegations contained in paragraph 40 of the Complaint,
except that employees of IMS perform vendor services for
ICC.

41.   The Defendants IMS and Ms. Charles deny that IMS
shares an employee benefit plan with ICC but admit the
remaining allegations contained in paragraph 41 of the
Complaint.

42.   The Defendants IMS and Ms. Charles deny the
allegations contained in paragraph 42 of the Complaint,
except that Ms. Vaughn was participant in the IMS 401K
Profit Sharing Plan.

43.   The Defendants IMS and Ms. Charles deny the
allegations contained in paragraph 43 of the Complaint.

## COUNT I - FAMILY AND MEDICAL LEAVE ACT

44.   The Defendants IMS and Ms. Charles reiterate the
responses made to each and every allegation contained in
Paragraphs 1-43 of the Complaint.

45.   The Defendants IMS and Ms. Charles deny the
allegations contained in paragraph 45 of the Complaint.

46.  The Defendants IMS and Ms. Charles deny the
allegations contained in paragraph 46 of the Complaint.
47.  The Defendants IMS and Ms. Charles admit the
allegations contained in paragraph 47 of the Complaint.
48.  The Defendants IMS and Ms. Charles deny the
allegations contained in paragraph 48 of the Complaint.
49.  The Defendants IMS and Ms. Charles deny the
allegations contained in paragraph 49 of the Complaint.
50.  The Defendants IMS and Ms. Charles deny the
allegations contained in paragraph 50 of the Complaint.
51.  The Defendants IMS and Ms. Charles deny the
allegations contained in paragraph 51 of the Complaint.

## COUNT II - RETALIATION

52.  The Defendants IMS and Ms. Charles reiterate the
responses made to each and every allegation contained in
Paragraphs 1-51 of the Complaint.

53.  The Defendants IMS and Ms. Charles deny the
allegations contained in paragraph 53 of the Complaint.
54.  The Defendants IMS and Ms. Charles deny the
allegations contained in paragraph 54 of the Complaint.
55.  The Defendants IMS and Ms. Charles deny the
allegations contained in paragraph 55 of the Complaint.
56.  The Defendants IMS and Ms. Charles deny the
allegations contained in paragraph 56 of the Complaint.

The Defendants IMS and Ms. Charles further respond to
the Complaint by setting forth the following affirmative
defenses:

**FIRST AFFIRMATIVE DEFENSE**

Each count of the Complaint fails to state a claim
upon which relief may be granted.

**SECOND AFFIRMATIVE DEFENSE**

The Defendants IMS and Ms. Charles have less than
fifty employees, and the Court lacks jurisdiction to
entertain any claim under the Family and Medical Leave Act
("FMLA").

**THIRD AFFIRMATIVE DEFENSE**

The Defendants IMS and Ms. Charles are not integrated
employees under the FMLA and 29 C.F.R. §825.104(c)(2), and
there is therefore no jurisdiction to entertain claims in
the Complaint.

**FOURTH AFFIRMATIVE DEFENSE**

The Plaintiff Ms. Vaughn is barred from bringing this
claim because she was laid off for legitimate business
reasons.

**FIFTH AFFIRMATIVE DEFENSE**

The Plaintiff Ms. Vaughn was an employee at will at
the time of her lay off, and as such, the Plaintiff could

8

be laid off at any time for good cause, bad cause, or no cause at all.

## SIXTH AFFIRMATIVE DEFENSE

The Plaintiff Ms. Vaughn has failed to mitigate her damages, and is therefore not entitled to recover in this action.

## JURY DEMAND

The Defendants IMS and Ms. Charles demand a trial by jury on all issues and claims triable by jury.

By their attorney

Attorney for Defendants
Investors Marketing Services, Inc.
and Janice Charles
Frederick T. Golder
BBO NO. 198580
P.O. Box 232
Lynnfield, MA 01940
(781) 334-4284

CERTIFICATE OF SERVICE

I hereby certify that a true copy of the above document was served upon the attorney of record for each other party by mail (by hand) on ___

9